IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 14, 2003

## RICKY FLAMINGO BROWN, SR. v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 84-F-1484     Cheryl Blackburn, Judge**

_____

**No. M2002-02427-CCA-R3-PC - Filed June 13, 2003**

_____

JOSEPH M. TIPTON, J., concurring.

I concur in the majority opinion. I question, though, the trial court's reliance upon the victim's identifying the petitioner, her father, as the perpetrator to deny testing. The DNA Analysis Act requires the court to determine if "[a] reasonable probability exists that the petitioner would not have been prosecuted or convicted <u>if</u> exculpatory results had been obtained through DNA analysis." Tenn. Code Ann. § 40-30-404(1). In other words, the Act requires the trial court to assume that the DNA analysis will reveal exculpatory results in the court's determination as to whether to order DNA testing. To the extent that the trial court's order implies that the fact that the victim identified the petitioner as a perpetrator defeats the need for testing, I disagree. The Act was created because of the possibility that a person has been wrongfully convicted or sentenced. A person may be wrongly convicted based upon mistaken identity or false testimony. Thus, the fact that the victim identified the petitioner as the perpetrator should not provide a basis for denying testing.

_____
JOSEPH M. TIPTON, JUDGE